_____

OPERATING ENGINEERS LOCAL 139
HEALTH BENEFIT FUND, CENTRAL
PENSION FUND OF THE INTERNATIONAL UNION
OF OPERATING ENGINEERS AND PARTICIPATING
EMPLOYERS, WISCONSIN OPERATING ENGINEERS
SKILL IMPROVEMENT AND
APPRENTICESHIP FUND,
JOINT LABOR MANAGEMENT WORK
PRESERVATION FUND,
TERRANCE E. MCGOWAN, as a Trustee of said Funds
except CENTRAL PENSION FUND, MICHAEL A. CRABTREE
as Chief Executive Officer of CENTRAL PENSION FUND, and
INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 139,

       Plaintiffs,

v.              CIVIL ACTION NO. _____

IVERSON CONSTRUCTION, LLC
3190 COUNTY RD N
COTTAGE GROVE, WI 53527,

       Defendant.
_____

**COMPLAINT**
_____

   The Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers, Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund, Joint Labor Management Work Preservation Fund, Terrance E. McGowan, as a Trustee of all Funds except Central Pension Fund, Michael A. Crabtree as Chief Executive Officer of Central Pension Fund, and the International Union of Operating Engineers, Local 139, by their respective attorneys, complaining of the Defendant, Iverson Construction, LLC, allege as follows:

## JURISDICTION AND VENUE

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 (hereinafter referred to as "ERISA") and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. § 185. Jurisdiction is based upon the existence of questions arising under federal law, 28 U.S.C. § 1331. The rights asserted with respect to all Counts arise from the same series of transactions and there are common questions of law and facts to all Counts.

2. Plaintiffs are administered at N27W23233 Roundy Drive Pewaukee, WI 53702, which is located in this district making venue proper, 28 U.S.C. § 1391(b)(2).

## COUNT I

3. Plaintiffs, Operating Engineers Local 139 Health Benefit Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers and Wisconsin Operating Engineers Skill Improvement and Apprenticeship Fund (hereinafter "Plaintiff Funds"), are "employee welfare benefit plans" and "plans" within the meaning of ERISA ("Plans"). Plaintiff McGowan is a fiduciary of Plaintiff Funds except Central Pension Fund. Michael A. Crabtree is the Chief Executive Officer of Central Pension Fund.

4. Defendant is a party to a collective bargaining agreement with Local 139 of the International Union of Operating Engineers ("Collective Bargaining Agreement").

5. Defendant is obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the Collective Bargaining Agreement. Defendant is also obligated to make fringe benefit contributions to Plaintiff Funds under the terms of the trust agreements that are incorporated by reference in the Collective Bargaining Agreement and establish and govern Plaintiff Funds ("Trust Agreements").

6. Defendant is an "Employer" within the meaning of ERISA and is obligated to make fringe benefit contributions to Plaintiff Funds pursuant to ERISA, 29 U.S.C. § 1145.

7. As an Employer obligated to make fringe benefit contributions to Plaintiff Funds under the Collective Bargaining Agreement and Trust Agreements, Defendant is specifically required to do the following:

    a. To submit for each month a report stating the names, Social Security numbers, and number of hours worked in such month by each and every person on whose behalf contributions are required to be made by Defendant to Plaintiff Funds, or, if no such persons are employed, to submit a report so stating ("Monthly Reports");

    b. To accompany the aforesaid reports with payment of contributions based upon an hourly rate as stated in the applicable collective bargaining agreement or agreements;

    c. To make all of its payroll books and records available to Plaintiff Funds for the purpose of auditing the same to verify the accuracy of Defendant's past reporting upon request made by Plaintiff Funds;

    d. To compensate Plaintiff Funds for the additional administrative costs and burdens imposed by delinquency or untimely payment of contributions by way of the payment of liquidated damages in the amount of twenty (20%) percent of any and all contributions which are not received by Plaintiff Funds for a particular month prior to the 15th day of the succeeding month, plus interest on the late payments up to 1 1/2 % per month simple interest to compensate for the loss of use of the money, *see also* 29 U.S.C. §§ 1132(g)(2)(B) and (C);

    e. To pay any and all costs incurred by Plaintiff Funds in auditing Defendant's payroll records should it be determined that Defendant was delinquent in the reporting or submission of all contributions required by it to be made to Plaintiff Funds;

    f. To pay Plaintiff Funds' reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to require Defendant to submit its payroll books and records for audit or to recover delinquent contributions, *see also* 29 U.S.C. § 1132(g)(2)(D); and

    g. To furnish to Plaintiff Funds a bond with good and sufficient surety thereon, in an amount acceptable to Plaintiff Funds, to cover future contributions due Plaintiff Funds.

3

8. Defendant has breached its obligations to Plaintiff Funds and its obligations under the Plans and Trust Agreements by failing to make payment of contributions, liquidated damages, interest, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiff Funds.

9. That upon careful review of all records maintained by them, and after application of any and all partial payments made by Defendant, there is a total of $357,989.73 in contributions, delinquent payment assessments and interest on late contributions known to be due Plaintiff Funds from Defendant for the audited periods of June 1, 2016 through April 30, 2017, May 1, 2017 through April 30, 2018 and May 1, 2018 through September 30, 2018.

10. Plaintiff Funds have requested that Defendant performs its obligations, but Defendant has failed and refused to so perform.

11. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Funds is causing and will continue to cause irreparable injuries to Plaintiff Funds for which they have no adequate remedy at law.

WHEREFORE, Plaintiff Funds request the following relief:

A. That a full and complete account and audit be taken as to all employees of Defendant covered by the Collective Bargaining Agreement as to wages received and hours worked by such employees to determine amounts required to be paid to Plaintiff Funds, covering the period for which the Collective Bargaining Agreement is to be effective;

B. That Defendant be ordered to continue submitting contribution reports and pay all current contributions while this action is pending;

C. That Judgment be entered in favor of the Plaintiff Funds and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, and Plaintiff Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action, all as provided for in the Plans, Trust Agreements and in ERISA;

4

D. That Defendant be permanently enjoined and ordered to perform specifically its obligations to the Plaintiff Funds, and in particular, to continue submitting the required reports and contributions due thereon to the Plaintiff Funds in a timely fashion as required by the Plans and by ERISA; and

E. That the Plaintiff Funds have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

## COUNT II

12. Plaintiff International Union of Operating Engineers, Local 139 ("Plaintiff Union") is a labor organization representing certain of Defendant's employees as the duly authorized collective bargaining representative, and is party to the Collective Bargaining Agreement to which Defendant has agreed to be bound.

13. Under the Collective Bargaining Agreement, Defendant has agreed to deduct from the wages of those of its employees represented by Plaintiff Union in collective bargaining and who execute proper written authorization, sums of money as and for union dues, which monies are to be remitted to Plaintiff Union on a monthly basis along with Defendant's regular fringe benefit reports and contributions, as described in Count I of this Complaint.

14. Defendant has deducted or have been required to deduct dues from the wages of its employees as required by the Collective Bargaining Agreement. Plaintiff Union has been unable to verify whether Defendant has properly remitted all such monies deducted from employees' wages to Plaintiff Union, and has instead converted such monies to their own use, because some of the amounts due are for unaudited periods of time, as alleged in Count I of this Complaint.

15. The total amount of money which Plaintiff Union knows Defendant to have failed to remit in violation of the Collective Bargaining Agreement is $5,241.41 for the Audited

5

Periods of June 1, 2016 through April 30, 2017, May 1, 2017 through April 30, 2018 and May 1, 2018 through September 30, 2018.

16. The Defendant's acts and omissions as described herein constitute a breach of the Collective Bargaining Agreement and entitle Plaintiff Union to recover from Defendant all monies which Defendant was required to remit to Plaintiff Union, whether deducted from wages or not and whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff Union to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff Union requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff Union;

B. That Plaintiff Union recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff Union have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

## COUNT III

17. Plaintiff Joint Labor Management Work Preservation Fund a/k/a Construction Business Group ("JLMWPF") is a jointly trusted labor management cooperative established to assist workers and employers in solving problems of mutual concern not susceptible to resolution within the collective bargaining process, to improve the employment opportunities of employees, to expand the market for the construction industry, to improve communications between labor and management, and to provide workers and employers with opportunities to explore joint approaches to organization and effectiveness. Plaintiff McGowan is a fiduciary of JLMWPF.

18. Defendant is a party to the Collective Bargaining Agreement, which requires contributions to Plaintiff JLMWPF at a set rate for each hour worked by employees performing work covered under the Collective Bargaining Agreement.

19. Defendant has failed to remit the contributions due.

20. The total amount of money which Plaintiff JLMWPF knows Defendant to have failed to remit in violation of the Collective Bargaining Agreement is $4,579.70 for the Audited Periods of June 1, 2016 through April 30, 2017, May 1, 2017 through April 30, 2018 and May 1, 2018 through September 30, 2018.

21. The Defendant's acts and omissions as described herein constitute a breach of the Collective Bargaining Agreement and entitle Plaintiff JLMWPF to recover from Defendant all monies which Defendant was required to remit to Plaintiff JLMWPF, whether traceable or untraceable commingled with Defendant's assets, and further entitle Plaintiff JLMWPF to recover from Defendant its damages for breach of Defendant's obligations.

WHEREFORE, Plaintiff JLMWPF requests the following relief:

A. That judgment be entered in its favor and against Defendant for all sums determined to be due Defendant to Plaintiff JLMWPF;

B. That Plaintiff JLMWPF recover from Defendant its damages and all costs of collection and recovery including its reasonable attorneys' fees and costs; and

C. That Plaintiff JLMWPF have such further relief as may be considered just and equitable by the Court, all at Defendant's cost.

Dated this 12th day of November, 2018.

                                                    /s/ *Cynthia L. Buchko*

Cynthia L. Buchko
In-House Counsel for
Operating Engineers Local 139 Health Benefit Fund,
Wisconsin Operating Engineers Skill Improvement and
Apprenticeship Fund, Trustee Terrance E. McGowan,
International Union of Operating Engineers Local 139 and
Joint Labor Management Work Preservation Fund
a/k/a Construction Business Group
4702 S. Biltmore Lane
Madison, WI 53718
Attorney No. 1036102
Telephone: 608-310-8341
Facsimile: 608-240-4179
E-mail: c.buchko@cbgwi.com


                                                    /s/ *Laura M. Finnegan*

Laura M. Finnegan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Ste. 2200
Chicago, IL 60606-5231
Attorney No. 1058640
Telephone: 312-236-4316
Facsimile: 312-236-0241
E-mail: lmfinnegan@baumsigman.com

Attorney for Plaintiffs Central Pension Fund of the
International Union of Operating Engineers and
Participating Employers and Michael A. Crabtree as
Chief Executive Officer of Central Pension Fund